**David LAIKEN, Appellant,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE et al., Appellees.**

No. 420, Docket 29260.

United States Court of Appeals Second Circuit.

Argued April 26, 1965.

Decided May 18, 1965.

Leonard Hemley, House, Grossman, Vorhaus & Hemley, New York City, for appellant.

Neil Brooks, John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, Earl L. Saunders, Robert E. Duncan, Attys., Dept. of Agriculture, Washington, D. C., for appellees.

Before LUMBARD, Chief Judge, and FRIENDLY and HAYS, Circuit Judges.

PER CURIAM.

This is a petition, 7 U.S.C. § 9, to review an order of the Secretary of Agriculture, acting through the Department's Judicial Officer, 23 Agri.Dec. 1193 (1964), suspending petitioner as a broker and depriving him of trading privileges for ten days, for violating a section of the Department's regulation, 17 C.F.R. § 1.38, relating to open and competitive bidding and offering.

The regulation, issued pursuant to § 8a(5) of the Commodity Exchange Act, 7 U.S.C. § 12a(5), and enforced pursuant to § 6(b), 7 U.S.C. § 9, provides as follows:

"*Execution of transactions.* (a) *Competitive execution required; exceptions.* All purchases and sales of any commodity for future delivery on or subject to the rules of a contract market shall be executed openly and competitively as to price by open outcry or posting of bids and offers or by other equally open and competitive methods, in the trading pit or ring or similar place provided by the contract market, during the regular hours prescribed by the contract market for trading in such commodity: *Provided, however,* That this requirement shall not apply to such transactions as are executed in accordance with written rules of the contract market which have been submitted to and not disapproved by the Secretary of Agriculture, specifically providing for the noncompetitive execution of such transactions.

"(b) *Noncompetitive trades; exchange of futures, etc.; requirements.* Every person handling, executing, clearing, or carrying trades or contracts which are not competitively executed, including transfer trades, office trades, or trades involving the exchange of futures for cash commodities or the exchange of futures in connection with cash com-

modity transactions, shall identify and mark by appropriate symbol or designation all such transactions or contracts and all orders, records, and memoranda pertaining thereto."

The violation found lay in the following: On January 11, 1963, while "board trading" in potato futures contracts was being conducted on the New York Mercantile Exchange, petitioner Laiken, who had been purchasing such contracts for his own account, received an order from a customer, Clayton Brokerage Co., to buy for Clayton's account 26 contracts for May 1963 delivery—apparently 18 at the market price and 8 at $2.57 per hundredweight or better. While Clayton was still on the telephone, Laiken instructed Lepore, another broker, to call out an offer of 26 contracts for May 1963 delivery at $2.54, and immediately accepted this offer. Lepore accurately understood that he was "selling" not for himself but for Laiken's house account; Laiken used the contracts thus "bought" to satisfy Clayton's order, in effect filling the order himself.

Laiken argues that the regulation was satisfied since Lepore made his offer "by open outcry" and enough time elapsed for another broker to accept. However, as the Judicial Officer found, Laiken's purchase for Clayton of Laiken's own contracts meant no one else trading on the floor was afforded an opportunity to sell to Laiken to fill Clayton's order. Whether any great harm was done or not, the Judicial Officer could find that a "method" which prevented anyone but the broker himself from filling his customer's order was not "open and competitive."

The New York Mercantile Exchange, evidently acting under the proviso in the federal regulation, has established "written rules" governing transactions between a member broker and his customer or between two customers acting through the same member. The rules demand, *inter alia*, that an Exchange official witness the transaction, and, according to the Government's gloss, that a member

selling to his customer allow other members a first chance to buy from him and sell to his customer at the intended price. In any event, the petitioner does not claim to have followed the procedures prescribed in these rules and we cannot relieve him from the consequences of his choice.

Petition denied.